# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**MICHAEL A. WOOTEN,**

                **Petitioner,**

        v.                                                    **CASE NO. 19-3056-SAC**

**SHERIFF CALVIN HAYDEN,**

                **Respondent.**

## ORDER TO SHOW CAUSE

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a pretrial detainee held at the Johnson County Adult Detention Center, proceeds pro se and submitted the filing fee.

The Court has conducted an initial review of the petition and, for the reasons that follow, directs petitioner to show cause why this matter should not be dismissed.

### Background

The petition states that petitioner is held in solitary confinement after losing his phone privileges. Petitioner seeks a transfer to another county, immediate release from solitary confinement, reinstatement of his telephone privileges, the appointment of counsel "to review pertinent added evidence to [his] case" and the suppression of evidence presented by the arresting officer.

### Analysis

A petition for habeas corpus filed under 28 U.S.C. § 2241 is the proper remedy to challenge the execution of a sentence. *Haugh v. Booker*, 210 F.3d 147, 1149 (10th Cir. 2000). However, a § 2241 petition is not the appropriate remedy to challenge a prisoner's conditions

of confinement. *See Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993)("A petition for habeas corpus attacks the fact or duration of … confinement and seeks the remedy of immediate release …. In contrast a civil rights action … pursuant to 42 U.S.C. § 1983 attacks the conditions of the prisoner's confinement….")

Here, petitioner does not suggest that his placement in solitary confinement has any impact on the validity or length of his incarceration. Accordingly, he must present claims concerning his placement in solitary confinement in a civil rights action[1], and, to the extent his request for relief seeks action in his pending criminal case, he must present those requests to the state district court.

Because petitioner's challenge to his placement is not properly brought under § 2241, the Court will direct him to show cause why this matter should not be dismissed.

### Order to Show Cause

Petitioner is ordered to show cause why this petition for habeas corpus should not be dismissed on the ground that his placement in solitary confinement does not present a challenge to the validity or length of his incarceration. The failure to file a timely response may result in the dismissal of this matter without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including **May 30, 2019,** to show cause why this petition should not be dismissed.

---

[1] The Court takes notice that petitioner presents claims including his placement in solitary confinement in a pending civil rights action under § 1983. Case No. 18-3067-SAC.

**IT IS SO ORDERED.**

DATED:  This 8th day of May, 2019, at Topeka, Kansas.


                                        S/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge